IAT3CARP                        Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                              17 CR 390 (ALC)

5   DON CARIM,

6                Defendant.

7   ------------------------------x

8                                             New York, N.Y.
                                              October 29, 2018
9                                             1:15 p.m.

10
    Before:
11
                         HON. SARAH NETBURN,
12
                                              Magistrate Judge
13

14                            APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    NICOLAS ROOS
17       Assistant United States Attorney

18  GUY OKSENHENDLER
         Attorney for Defendant
19

20

21

22

23

24

25

1          THE DEPUTY CLERK:  United States v. Don Carim.

2     Counsel, please state your appearance for the record.

3          MR. ROOS:  Good afternoon.  Nicolas Roos for the

4     United States.

5          THE COURT:  Thank you.

6          MR. OKSENHENDLER:  Good afternoon, your Honor.  Guy

7     Oksenhendler for Mr. Carim.

8          THE COURT:  Thank you.  And good afternoon, Mr. Carim.

9     You may be seated.

10          My name is Judge Netburn.

11          Sir, I have before me a consent to proceed before a

12     United States magistrate judge on a felony plea allocution that

13     you have signed.  What this form says is that, knowing you have

14     the right to have this plea taken by a United States district

15     judge, you are agreeing to have this plea taken by me, a United

16     States magistrate judge.

17          Is that correct?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Before you signed this form, did your

20     lawyer explain it to you?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  It is accepted.

23          MR. OKSENHENDLER:  Thank you, Judge.

24          THE COURT:  Sir, you've been charged in a one-count

25     indictment.  Count One charges you with conspiracy to

IAT3CARP                    Plea

1    distribute and possess with intent to distribute oxycodone,

2    from in or about January 2012 until in or about June 2017 in

3    violation of Title 21 of the United States Code, Section

4    841(b)(1)(C).

5              That count is brought under Title 21 of the United

6    States Code, Section 846.

7              I've been informed that you wish to change your plea

8    and enter a plea of guilty pursuant to that charge.  Is that

9    correct?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  Before deciding whether to accept your

12   guilty plea, I am going to ask you certain questions.  It is

13   very important that you answer these questions honestly and

14   completely.  The purpose of these proceedings is to make sure

15   you understand your rights, to decide whether you are pleading

16   guilty of your own free will, and to make sure that you are

17   pleading guilty because you are guilty and not for some other

18   reason.

19             Do you understand what I am saying?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  If at any point in time you don't

22   understand my questions or you want an opportunity to speak

23   with your lawyer, please say so, because it's important that

24   you understand every question before you answer.  Will you do

25   that?

IAT3CARP                        Plea

1              THE DEFENDANT:  Yes, ma'am.

2              THE COURT:  Ms. Fletcher, will you swear in the

3       defendant, please.

4              THE DEPUTY CLERK:  Please stand and raise your right

5       hand.

6              (Defendant sworn)

7              THE DEPUTY CLERK:  Please state your name for the

8       record.

9              THE DEFENDANT:  Don Michael Carim, Jr.

10             THE COURT:  How old are you?

11             THE DEFENDANT:  34.

12             THE COURT:  Are you a United States citizen?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  The reason I ask if you are a United

15      States citizen is because if you were found to be a

16      non-citizen, your conviction might have consequences for your

17      ability to remain in the United States.  For example, if you

18      were found to be a non-citizen, you could be removed from the

19      United States, denied citizenship or denied admission to the

20      United States in the future, and you would be bound by your

21      guilty plea regardless of those immigration consequences.

22             Sir, how far did you go in school?

23             THE DEFENDANT:  I'm currently enrolled in nursing

24      school.

25             THE COURT:  Wonderful.  So does that mean that you

IAT3CARP                    Plea

1   have an associate's degree already?

2            THE DEFENDANT:  When I complete the program, I'll

3   receive my associate's.

4            THE COURT:  When do you think you'll complete the

5   program?

6            THE DEFENDANT:  It would have been two more semesters.

7            THE COURT:  It would have been?

8            THE DEFENDANT:  Two more semesters.

9            THE COURT:  And now you're not sure what the status

10  is?

11           It depends on your future?

12           MR. OKSENHENDLER:  Yes.

13           THE DEFENDANT:  Accepting this charge bars me.

14           THE COURT:  This charge would bar you from proceeding?

15           THE DEFENDANT:  Yes.

16           THE COURT:  How many credits do you have towards that

17  degree?

18           THE DEFENDANT:  I have a little over 60 credits.  I

19  have enough for an associate's, but the program was put

20  together, so if I went and declared a major somewhere else, I

21  probably could get my associate's.  But the program, the way it

22  works, is not all of my credits count towards it.  So I'll

23  graduate with an associate's if I finish.

24           THE COURT:  Okay.  Well, I encourage you to take

25  whatever steps you can to obtain your degree, whether it is in

IAT3CARP                    Plea

1    a nursing program or some other program.  It sounds like you

2    committed and invested a lot of your time and energy in

3    furthering your education, which is really important.  And if

4    you have as many credits as you tell me you do, hopefully

5    you'll be able to obtain an associate's degree in another field

6    that interests you, if you are not able to pursue the nursing

7    field.

8                THE DEFENDANT:  Thank you, ma'am.

9                THE COURT:  Are you currently or have you recently

10   been under the care of a doctor or a psychiatrist for any

11   reason?

12               THE DEFENDANT:  Yes, ma'am.

13               THE COURT:  Medical doctor or psychiatrist?

14               THE DEFENDANT:  VA psychologist.

15               THE COURT:  I'm not going to ask you too many

16   questions about your course of treatment, but are you seeing --

17   you said it was a psychologist?

18               THE DEFENDANT:  Yes, ma'am.

19               THE COURT:  Are you seeing that psychologist for

20   reasons that affect your ability to understand what's going on

21   in these proceedings?

22               THE DEFENDANT:  No, ma'am.  For PTSD from the

23   military.

24               THE COURT:  Okay.  Thank you for your service.

25               Do you take any medication that affects your ability

IAT3CARP                         Plea

1   to understand what's going on in these proceedings?

2           THE DEFENDANT:  Not currently; no, ma'am.

3           THE COURT:  Is your mind clear right now?

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  Do you understand what's going on in these

6   proceedings?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you take any medication now or have you

9   that affects your ability to answer questions truthfully?

10          THE DEFENDANT:  No, your Honor.

11          THE COURT:  No?  Okay.  Have you taken any

12  mind-altering drugs or medicine or consumed any alcohol in the

13  last 24 hours?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Does either counsel have any objection to

16  the defendant's competence to enter a guilty plea at this time?

17          MR. ROOS:  No, your Honor.

18          MR. OKSENHENDLER:  No, your Honor.

19          THE COURT:  Sir, have you received a copy of the

20  written version of the charge against you in this case known as

21  the indictment?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Have you read it?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Do you understand what it says?

IAT3CARP                     Plea

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  You understand you've been charged

3     generally with participating in a narcotics conspiracy?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Have you had time to talk to your attorney

6     about these charges and about how you wish to plead?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Has he told you the consequences of

9     pleading guilty?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Are you satisfied with your attorney's

12     representation of you?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Sir, I am now going to explain certain

15     Constitutional rights that you have.  These are rights you'll

16     be giving up if you enter a guilty plea.

17          Please listen carefully to what I'm about to say.  If

18     you don't understand something, please stop me, and your

19     attorney or I will explain the matter more fully.  Okay?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Under the Constitution and the laws of the

22     United States, you have a right to plead not guilty to the

23     charges contained in this indictment.

24          Do you understand that?

25          THE DEFENDANT:  Yes, ma'am.

 1          THE COURT:  If you pled not guilty, you would be

 2     entitled under the Constitution to a speedy and public trial by

 3     a jury of that charge.  At that trial, you would be presumed

 4     innocent, and the government would be required to prove you

 5     guilty beyond a reasonable doubt before you could be found

 6     guilty.  That means you would not have to prove that you were

 7     innocent, and you would not be convicted unless a jury of 12

 8     people agreed unanimously that you were guilty beyond a

 9     reasonable doubt.

10          Do you understand that?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  If you decide to go to trial, at that

13     trial and at every stage of your case, you would have the right

14     to be represented by an attorney.  If you cannot afford an

15     attorney, one would be presented to represent you at the

16     government's expense and at no cost to you.  If you have

17     retained counsel and ran out of money, the government would

18     appoint an attorney to continue to represent you.

19          If an attorney is appointed, that attorney is

20     appointed to handle your case all way through trial, and not

21     just for a guilty plea.  So your decision to plead guilty here

22     today should not depend on whether you can afford to hire an

23     attorney.

24          Do you understand that?

25          THE DEFENDANT:  Yes, ma'am.

IAT3CARP                      Plea

1              THE COURT:  During a trial, the witnesses for the

2      prosecution would have to come to court and testify in your

3      presence where you could see and hear them, and your lawyer

4      could cross-examine those witnesses.  If you wanted, your

5      lawyer could offer evidence on your behalf.  You would be able

6      to use the Court's power to compel witnesses to come to court

7      and testify in your presence where you could see and hear them,

8      and your lawyer could cross-examine them.

9              Do you understand that?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  At a trial, you would have the right to

12     testify if in your own defense if you wanted to, but you would

13     also have the right not to testify.  If you chose not to

14     testify, that could not be used against you in any way.  No

15     inference or suggestion of guilt could be made from the fact

16     that you did not testify.

17             Do you understand that?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  If you were convicted at a trial, you

20     would have the right to appeal that verdict to a higher court.

21             Do you understand that?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  As I said before, you have the right to

24     plead not guilty.  Even right now, even as you sit here today

25     for the purposes of entering a guilty plea, you have the right

1    to change your mind, persist in your not guilty plea, and

2    proceed to trial.

3            But if you do plead guilty, and I accept your plea,

4    you will give up a trial and all of the other rights that I

5    have just described.  If you plead guilty, there will be no

6    trial.  All that will remain to be done will be to impose a

7    sentence.  You and the government will have an opportunity to

8    make arguments about what that sentence should be, but there

9    will not be any further trial to determine whether you are

10   guilty or not guilty of the charges to which you pled guilty.

11           Do you understand that?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Do you understand that the decision as to

14   the appropriate sentence in your case will be entirely up to

15   the sentencing judge, and that that judge will be limited only

16   by what the law requires?  This means that even if you are

17   surprised or disappointed by your sentence, you will still be

18   bound by your guilty plea.

19           Do you understand that?

20           THE DEFENDANT:  Yes, ma'am.

21           THE COURT:  Finally, if you do plead guilty, you are

22   also giving up your right not to incriminate yourself, and I

23   will ask you questions about what you did in order to satisfy

24   myself that you are actually guilty.

25           By pleading guilty, you are admitting to your factual

1    as well as your legal guilt.  Do you understand that?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  You said earlier that you have read the

4    indictment containing the narcotics conspiracy charge against

5    you.  What I'm now going to do is ask the assistant United

6    States attorney to state the elements of that charge.  The

7    elements are the things that the government would have to prove

8    beyond a reasonable doubt if the case were to proceed to trial.

9              Please.

10             MR. ROOS:  Thank you, your Honor.  The elements of the

11   charged offense in the indictment are:  First, the existence of

12   a conspiracy, the object of which was the unlawful distribution

13   of a controlled substance, here, oxycodone.  Second that the

14   there was interdependence amongst the members of the

15   conspiracy.  Third, that the conspiracy did in fact involve

16   oxycodone, a controlled substance.  And fourth, that the

17   defendant knowingly and intentionally involved himself or

18   became a member of the conspiracy.

19             THE COURT:  Thank you.

20             MR. ROOS:  Also the government would have to prove by

21   a preponderance that venue is proper in the Southern District.

22             THE COURT:  Thank you.

23             Sir, I'm now going to tell you the maximum possible

24   penalty for this crime.  The maximum means the most that could

25   possibly be imposed.  It does not necessarily mean this is what

IAT3CARP                     Plea

1    you will receive.  But you have to understand that by pleading

2    guilty here today, you are exposing yourself to any combination

3    of punishments up to the maximum that I'm about to describe.

4            Do you understand all that?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  Count One carries a maximum term of

7    imprisonment of 20 years, and there is a maximum term of

8    supervised release of life, and a mandatory minimum term of

9    supervised release of three years.

10           Supervised release means that if you are sentenced to

11   prison, and thereafter released from prison, you may be subject

12   to supervision by the probation department.  You should

13   understand that if you are placed on supervised release and

14   then violate any of the terms or conditions of that release,

15   the district judge that sentences you may revoke the term of

16   supervised release, and return you to prison without giving you

17   any credit for the time you spent on supervised release.

18           Do you understand that?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  Second, in addition to these restrictions

21   on your liberty, the maximum possible punishment also includes

22   certain financial penalties.  In this case the maximum

23   allowable fine is the greatest of $1 million or twice what was

24   made by the criminal activity or twice what someone other than

25   yourself lost because of the criminal activity.  In addition,

IAT3CARP                      Plea

1    there is a mandatory special assessment of $100 that must be

2    imposed for the count of conviction.

3                Sir, has anyone threatened you or coerced you in any

4    way to get you to plead guilty?

5                THE DEFENDANT:  No, ma'am.

6                THE COURT:  Has anyone, other than the prosecution by

7    way of this written agreement, promised you or offered you

8    anything to get you to plead guilty?

9                THE DEFENDANT:  No, ma'am.

10               THE COURT:  As I just referenced, there is an

11   agreement between you and government concerning this plea.  Is

12   that correct?

13               THE DEFENDANT:  Yes, ma'am.

14               THE COURT:  Have you read this agreement?

15               THE DEFENDANT:  Yes, ma'am.

16               THE COURT:  Have you had an opportunity to discuss its

17   terms with your lawyer?

18               THE DEFENDANT:  Yes, ma'am.

19               THE COURT:  I see that you signed the agreement.  Did

20   you speak with your lawyer before signing this agreement and

21   understand it before you signed it?

22               THE DEFENDANT:  Yes, ma'am.

23               THE COURT:  It appears that you and the government

24   have agreed as to the appropriate sentencing calculation under

25   the sentencing guidelines.  Is that correct?

IAT3CARP                    Plea

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  You've agreed that the appropriate

3    guidelines range is between 46 and 57 months' imprisonment.  Is

4    that correct?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  In addition, you and the government have

7    agreed that the appropriate fine range is between $10,000 and

8    $1 million.  Is that correct?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  In this agreement, you've agreed that

11    neither you nor the government will seek any departure or

12    adjustment pursuant to the guidelines that's not set forth in

13    this agreement.  Do you understand that?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  However, it's allowed under this agreement

16    you may seek a sentence that is outside of the stipulated

17    guidelines range, based on the factors that are set forth in

18    our sentencing statute which you can find at Title 18, United

19    States Code, Section 3553(a).  Do you understand that?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  In this agreement, you are admitting to

22    the forfeiture allegation with respect to Count One of the

23    indictment.  You have agreed to forfeit to the United States

24    $24,750.

25          Do you understand that?

IAT3CARP                    Plea

1        THE DEFENDANT:  Yes, ma'am.

2        THE COURT:  In addition, in this agreement you have

3    limited in certain respects your ability to appeal from your

4    conviction and sentence.  Specifically, you've agreed you will

5    not file a direct appeal or bring a collateral challenge,

6    sometimes called a habeas motion, or seek a sentence

7    modification, so long as your sentence is within or below the

8    stipulated guidelines range of 46 to 57 months' imprisonment.

9        Do you understand that?

10        THE DEFENDANT:  Yes, ma'am.

11        THE COURT:  You've also agreed you will not appeal any

12    term of supervised release that is less than or equal to the

13    statutory maximum of life.  And that you will not appeal any

14    fine that is less than or equal to $1 million.

15        Do you understand that?

16        THE DEFENDANT:  Yes, ma'am.

17        THE COURT:  The most important thing for you to

18    understand is this agreement is not binding on the sentencing

19    judge.  And that the judge may reject the calculations and

20    recommendations that are set forth in this plea agreement,

21    without permitting you to withdraw your guilty plea, and then

22    could impose a more severe punishment.

23        Do you understand that?

24        THE DEFENDANT:  Yes, ma'am.

25        THE COURT:  The sentencing judge is required to make

IAT3CARP                    Plea

1     his own independent calculation under the sentencing

2     guidelines, and to impose a sentence based on what he believes

3     is correct.

4              Do you understand that?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  In determining that sentence, the Court

7     will consider, in addition to the guidelines and any departures

8     from those guidelines, all of the factors that are set forth in

9     the sentencing statute which, I just mentioned to you, you can

10    find at Title 18 of the United States Code, Section 3553(a).

11    Those factors include the nature and circumstances of the

12    offense, and the history and characteristics of you, the

13    defendant, the need for the sentence imposed, the kinds of

14    sentences that are available, the sentencing range provided

15    under the guidelines, the need to avoid sentencing disparities,

16    and the need to provide restitution to victims.

17             In addition, the Court will consider the presentence

18    report, which is prepared by the probation department in

19    advance of your sentencing.  Before you are sentenced, you and

20    the government will be given an opportunity to challenge the

21    facts that are reported by the probation officer.

22             Sir, now that you've been advised of the charge

23    against you and the possible penalties you face, is it still

24    your intention to plead guilty to Count One of the indictment?

25             THE DEFENDANT:  Yes, ma'am.

IAT3CARP                     Plea

1          THE COURT:  With respect to Count One of the

2    indictment, how do you plead?

3          THE DEFENDANT:  Guilty.

4          THE COURT:  Can you tell me in your own words what you

5    did to make you believe you're guilty of that charge.

6          THE DEFENDANT:  Between January 2012 and June 2017, I

7    agreed with other people to possess with intent to distribute

8    oxycodone.  At the time of my actions, I knew they were wrong

9    and illegal.

10          MR. OKSENHENDLER:  Judge, with regard to venue, the

11    actions that my client undertook to participate in the

12    conspiracy, after reviewing the discovery that's been provided

13    by the government, occurred in Staten Island.  But in reviewing

14    other discovery provided by the government, I believe that

15    there were actions that were taken here in Manhattan, which

16    would make venue in this district appropriate in the case.

17          THE COURT:  Okay.  And is your client expressly

18    waiving any possible venue challenge?

19          MR. OKSENHENDLER:  Yes.

20          THE COURT:  Thank you.  Do you believe that is a

21    sufficient allocution?

22          MR. ROOS:  Yes, your Honor.

23          THE COURT:  Would you like me to ask the defendant any

24    other questions?

25          MR. ROOS:  No, your Honor.

IAT3CARP                    Plea

1          THE COURT:  Does the government want to represent the

2     evidence it would put forth at trial.

3          MR. ROOS:  Certainly, your Honor.  Briefly, the

4     government's evidence at trial would include cooperating

5     witness testimony, actual prescriptions and prescription

6     monitoring program data, certain surveillance photographs and

7     recordings.

8          And to the venue point, as defense counsel correctly

9     pointed out, the government would prove that venue for the

10    conspiracy charge is based on the filling of prescriptions,

11    among other things, in the Southern District of New York.

12         THE COURT:  Thank you.

13         Sir, on the basis of your responses to my questions

14    and my observation of your demeanor, I find that you are

15    competent to enter a guilty plea.  I'm satisfied that you

16    understand your rights, including your right to go to trial;

17    that you are aware of the consequences of your plea, including

18    the sentence that may be imposed; that you are voluntarily

19    pleading guilty; and that you've admitted you are guilty as

20    charged in Count One of the indictment.

21         For these reasons, I'll recommend to District Judge

22    Carter that he accept your plea of guilty as to Count One of

23    the indictment.

24         I'll direct the government to order a copy of the

25    transcript and submit it to Judge Carter so he may act on my

IAT3CARP                     Plea

1    recommendation.

2           Has he set a sentencing date yet?

3           MR. ROOS:  No, your Honor.

4           THE COURT:  Would you like me to set a four-month out

5    control date?

6           MR. ROOS:  Please.

7           THE COURT:  I'll set a control date for February 28.

8    I'll direct that the presentence report be prepared.

9           Can you deliver a case summary to probation within 14

10   days?

11          MR. ROOS:  Yes, your Honor.

12          THE COURT:  Counsel, can you and your client be

13   available in the next 14 days to be interviewed by probation?

14          MR. OKSENHENDLER:  Of course, your Honor.  I will, and

15   I will reach out to probation to set up the interview.

16          THE COURT:  Thank you.  Any objections to continuing

17   the present bail?

18          MR. ROOS:  No.

19          THE COURT:  Sir, let me remind you that all of the

20   conditions on which you were released up until now continue to

21   apply.  A violation of those conditions can have very serious

22   consequences, including revocation of bail and prosecution for

23   bail jumping.

24          In addition, if you violate any of the terms of your

25   plea agreement, you may be subject to revocation of that

IAT3CARP                    Plea

1    agreement with all of the consequences that are set forth.

2              Any further matters for either side?

3              MR. ROOS:  No, your Honor.

4              MR. OKSENHENDLER:  No, your Honor.

5              THE COURT:  Thank you.

6              (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25