**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------------X**
**UNITED STATES OF AMERICA,**

        vs.

**MICHAEL CARIM,**

        **Defendant.**
**------------------------------------------------------------X**

**17 cr 390 (ALC)**

## SENTENCING MEMORANDUM OF
## DEFENDANT MICHAEL CARIM

**Submitted by:**

**Guy Oksenhendler, Esq.**
**Law Office of Guy Oksenhendler**
**Attorney for Defendant Michael Carim**
**194 Burns Street, Ste. 1**
**Forest Hills, New York 11375**

**Law Offices of**
**GUY OKSENHENDLER**
194 Burns Street, Suite 1
Forest Hills, New York 11375
917.804.8869
goksenhendleresq@aol.com

March 25, 2019

<u>VIA ECF</u>

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: ***United States v. Don Michael Carim***
      17 Cr 390 (ALC)
      <u>Sentencing Memorandum</u>

Dear Judge Carter:

  Reference is made to the sentencing of Defendant Michael Carim before Your Honor currently scheduled for April 8, 2019 in the above-entitled case. It is respectfully requested that Your Honor impose a non-guidelines sentence below the recommendation of the United States Probation Office. It is requested that the Court sentence Mr. Carim to the recommended sentence suggested by the United States Probation Office in the Pre-Sentence Report; a sentence of time served with a condition of community service. In this case, in light of Mr. Carim's actions here, his acceptance of responsibility and his remorse expressed for his actions, the most lenient sentence should be imposed under the circumstances of this case. In light of Mr. Carim's background and character, the facts of the instant offense for which Mr. Carim accepts full responsibility, counsel requests Your Honor impose the most lenient sentence pursuant to law when the parties appear before the Court.

  No objections are made to the findings of the Pre-Sentence Report.

<u>Introduction</u>

  Mr. Carim is scheduled to be sentence before this Court pursuant to his guilty plea to in violation of 21 USC § 841(b)(1)(C). This memorandum is submitted on behalf of

Mr. Carim to assist the Court in imposing a reasonable and fair sentence pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure. Mr. Carim hopes that once the Court examines his role in the overall scheme, his youth and its attendant characteristics, as well as consider the goals of sentencing, that the Court will find that a variance from the advisory range is appropriate in this case, and that combined with a period of supervision is a "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

### 18 U.S.C. § 3553(a) Factors

It is well settled, and this Court needs no reminding that in imposing an appropriate sentence in this case, the court must consider the following § 3553(a) factors to impose a sentence "sufficient, but not greater than necessary." See *United States v. Ministro-Tapia*, 470 F.3d 137, 138 (2d Cir. 2006). This affords adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant Dayvon Williams, *inter alia*. The ultimate goal of the sentencing court is to find just punishment in proportion to the crime.

The Supreme Court has made it clear that courts can impose sentences at vaiance with guidelines even in "the mine run cases." See, Rita v. United States, 551 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 39 (2007); *Kimbrough v. United States,* 552 U.S. 85 (2007); *United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). The Supreme Court has repeatedly stressed the non-binding nature of the guideline scheme, holding that not only are they not mandatory on sentencing courts, they are also "not to be presumed reasonable." *Nelson v. United States*, 130 S.Ct 657 (Jan. 26, 2009). Further, courts have been instructed to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing. *See* 18 U.S.C. § 3553(a). It is suggested that this Court should reject the notion that a "sufficient, but not greater than necessary" sentence exists only within the confines of the advisory guidelines. In conforming with the dictates of individualized sentencing, this Court should find that the proposed sentence of months of incarceration with a period of supervision is a fair and just sentence.

The factors Your Honor must consider under § 3553(a) are:

- The nature and circumstances of the offense, § 3553(a)(1);
- The history and characteristics of the Defendant Michael Carim, § 3553(a)(1);
- The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the Defendant Michael Carim; and provide the Defendant Michael Carim with needed rehabilitative or other treatment, § 3553(a)(4), (5);
- The Sentencing Guidelines and the sentencing range they provide, § 3553(a)(4), (5);
- The need to avoid unwarranted disparities in sentencing, § 3553(a)(6); and
- The need to provide restitution to victims of the offense, § 3553(a)(7).

Nature and Circumstances of the Offense

In the instant case, the Defendant Michael Carim pleaded guilty to a count one of the indictment.  While it is not disputed that the Defendant Michael Carim engaged in this criminal conduct, he is extremely remorseful for his participation in the instant case. His subsequent behavior while on bail shows his respect for the Court and the judicial process as he had no issues while on bail. The charges here are serious and the Defendant Michael Carim makes no argument to the contrary.

History and Characteristics of the Defendant Michael Carim

To describe the Defendant Michael Carim, as counsel has gotten to know him, is that he is a young man of character, whom throughout his life has sought to serve his country and community. He served admirably in the United States Coast Guard, and upon completion of his service, applied to the New York Fire Department to become a Fire Fighter.  He attended the academy, passed his classes, and ultimately became a probationary Fire Fighter.  Despite his high character, he is not without flaws.  As described in the PSR, he suffers from medical conditions related to his military service, as well as having addiction issues.  Counsel will discuss these issues at length at the sentencing.  Furthermore, injuries suffered during his military service, as well as his other personal issues, are directly related to his participation in the instant case.

As a result of his injuries, he sought medical care, which ultimately led to Mr. Carim to be prescribed oxycodone.  It was his prescribed use of this narcotic that preceded his participation in the instant conspiracy.

Mr. Carim has already suffered great heartache due to his participation in the charged conspiracy.  This suffering, it is suggested is greater than that similarly situated defendant's suffer under similar circumstances.  He has lost his job as a NYFD Fire Fighter and had to postpone his wedding to his fiancé.  This has caused him a tremendous amount of distress, in addition to the attendant issues facing the federal charges in the indictment.  Despite this, Mr. Carim has maintained his decorum, sought medical and professional counseling to address his personal issues, maintained employment through teaching young children marshal arts and has entered a nursing program in hopes of a career helping others.

While speaking to my client, it is apparent his is highly motivated to have a career helping others doing what he does best and is most important to him; serving others.

His participation in the instant case was due to a confluence of unfortunate decisions which he sincerely regrets.  Financial hardship, familial relationships and his desire to care for and financially support his fiancé led to his decision to share his prescribed medication with a member of his fiance's family.  It is clear after getting to know him, that this type of behavior, and the flawed decisions that he made will not be

4

repeated.  Everyone whom is close to Mr. Carim that counsel has spoken with expresses their high regard and unwavering love and support of Mr. Carim.  His family cares for him deeply, loves him profoundly and undoubted supports him during this difficult time.

In considering the proposed sentence as fair and just, counsel asks the Court to also consider that the poor decisions here were made by Defendant Michael Carim as a young adult.  Those poor decisions made while a young adult show the Defendant Michael Carim's inability at that time to negotiate his decisions in a manner as a similarly situated mature adult would have.  The *Roper* and *Graham* cases establish the concept that children are constitutionally different from adults for sentencing purposes.  Their "lack of maturity" and "underdeveloped sense of responsibility" lead to recklessness, impulsivity and heedless risk takings. *United States v. Roper*, 53 U.S. at 569, 125 S.Ct. 1183 (2005).  They "are more vulnerable…to negative influences and outside pressures," including pressures from their family and peers; they have limited "control over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings.  *Ibid*.  Due to a child's character being less "well formed" compared to an adult, his traits are "less fixed" and his actions are less likely to be "evidence of irretrievable depravity."  Id. at 570.  Roper and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct.2011, 176 L.Ed.2d 825 (2010), concluded that the Constitution prohibits a sentence emphasized or recommended which are diminished by the distinctive attributes of youth.  The distinctions diminish the penological justifications for imposing the harshest sentences for juvenile offenders, or as is suggested here, offenses committed as a young adult, even when the crimes committed are terrible and serious.

### Narcotics and Mental Health Counseling

As stated in the PSR, Mr. Carim has a history involving substance abuse and mental health issues.  Without repeating the information in the PSR, it is requested that counseling for both these issues be included in any sentence imposed by the Court.

### Fine and/or Restitution

Mr. Carim is not in a financial position to pay a fine and it is requested that Your Honor not impose a fine.

### Conclusion

Mr. Carim is humbled and regretful of what he acknowledges to be poor judgment and decisions in committing the crime for which he has accepted responsibility and is to be sentenced.  It has been observed that sentencing is not an exact science.  Rather, it is a "fluid and dynamic process." *Irizarry v. United States*, 128 S. Ct. 2198, 2203 (2008). Its

aim should be to impose a sentence that is reasonable, fair and just, given the facts of a particular case and facts relative to the particular person being sentenced. The overarching goal is to fashion a sentence that is sufficient, but not greater than necessary. An analysis of the §3553(a) factors in this case, as well as the "mitigating qualities of youth." *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993), equivocates in favor of the proposed varied sentence of 18 months incarceration, and a term of post release supervision.
.
 In calculating the appropriate sentence in this matter, please consider the bright future this young man has.

Should Your Honor sentence Mr. Carim to a term of incarceration, it is requested that he be allowed to surrender to and institution close to the New York Metropolitan area.

Thank you for your attention and consideration to this matter and of the issues raised herein. If you have any questions, please do not hesitate to contact the undersigned counsel at Your Honor's convenience.

                                                Very truly yours,

                                    /s/ *Guy Oksenhendler*
                                             Guy Oksenhendler

cc:    Nicolas Roos, Esq.
        Assistant United States Attorney
        Southern District of New York

        Clerk of the Court
        United States District Court,
        Southern District of New York